**IN THE CIRCUIT COURT**
**FOR BALTIMORE CITY, MARYLAND**

LINDA CATHERINE MAYO
5612 FORCE ROAD
BALTIMORE, MD 21206

RAVEN MONIQUE RANDOLPH
1219 LINKSIDE DRIVE                                   CLASS ACTION COMPLAINT
BALTIMORE, MD 21234

    *on their own behalf and on behalf of*
    *all others similarly situated,*

       Plaintiffs,

       v.                                          Case No. _____ JFM10CV 879

GMAC INC.
200 RENAISSANCE CENTER
DETROIT, MI 48265
      Serve on:    The Corporation Trust Inc.
                351 West Camden Street
                Baltimore, MD 21201

       Defendant.

---

**CLASS ACTION COMPLAINT**

Plaintiffs Linda Catherine Mayo ("Mayo") and Raven Monique Randolph ("Randolph") (collectively "Named Plaintiffs"), on their own behalf and on behalf of all others similarly situated, through their attorneys Cory L. Zajdel, Esq. and Z LAW, LLC, hereby submits this Class Action Complaint against Defendant GMAC INC. ("GMAC") and for support states as follows:

**I.    PRELIMINARY STATEMENT**

    1.    Named Plaintiffs institute this class action against GMAC on their own behalf and on behalf of all others similarly situated for violating statutory, common law and contractual obligations and seeks to recover actual damages, statutory damages, interest, attorney fees, and

the costs of this action against GMAC for multiple violations of Maryland's Credit Grantor Closed End Credit Provisions, Md. Code Ann., Comm. Law §§ 12-1001 *et seq.* ("CLEC"), Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law, §§ 13-101 *et seq.* ("CPA") and Maryland Common Law.

2.      GMAC extends secured automobile financing to many borrowers in Maryland each year.

3.      Many of these financing contracts elect CLEC as the governing law.

4.      Because GMAC offers sub-prime loans that are mainly issued at a stated simple interest rate above ten percent (10%), many borrowers fall behind on their loans, which inevitably leads to repossession of the secured property.

5.      Each year, GMAC repossesses a large number of motor vehicles that originated from CLEC contract.  In the event its customer fails to reinstate the contract or redeem the vehicle following repossession, GMAC sells the customer's vehicle and applies the proceeds toward the balance on the customer's account.

6.      In most cases, the sum GMAC obtains for the sale of these vehicles is not sufficient to pay off its customer's motor vehicle loan, resulting in a deficiency balance.

7.      GMAC's routine business practice is to never send notices prior to the repossession ("Pre-Repossession Notice") by registered or certified mail at least ten (10) days before the repossession.

8.      GMAC's routine business practice is to send its CLEC customers notices after the repossession in form notices of the plan to sell ("Pre-Sale Notice") and form notices of the claimed deficiency ("Post-Sale Notice") after the sale in which it demands payment.

9.    If GMAC is not able to make payment arrangements with its customer which it regards as satisfactory, it pursues collection action including filing suit against GMAC customers or selling the open collection accounts to debt buyers and debt collectors.

10.    Through its failure to provide Pre-Repossession Notices and the use of deficient form Pre-Sale Notices and Post-Sale Notices, GMAC has deprived its CLEC customers of valuable rights mandated by law.

11.    GMAC violated Maryland law by: (1) inaccurately disclosing the amount of money required to redeem; (2) requiring class members to pay repossession expenses to redeem collateral when there was no entitlement to these fees; (3) failing to provide the exact location where property was sold; (4) affirmatively representing to class members that GMAC was entitled to a deficiency balance, which in fact, class members did not owe and GMAC could not collect.

12.    As a result of GMAC's acts and omissions, Maryland law prohibits GMAC from collecting any alleged deficiency which remains after sale of the repossessed vehicle.  Maryland law also enables Named Plaintiffs and the Class to seek and recover compensatory damages, statutory penalties and damages, and declaratory and injunctive relief.

13.    GMAC's violations of Maryland law have enriched GMAC unfairly at the expense of Maryland borrowers, a practice this suit seeks to end.

14.    GMAC's failure to provide Pre-Repossession Notices, the use of deficient form Pre-Sale Notices and Post-Sale Notices which omit material information required by Maryland law and which also affirmatively misrepresents required information makes this case particularly suitable for resolution through a class action lawsuit.

**II.**    **JURISDICTION**

15.    This Court has jurisdiction over this case under Md. Code Ann., Cts. & Jud. Proc. § 1-501.

16.    This Court has personal jurisdiction over GMAC pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(1)-(3), as GMAC systematically and continually transacts business in Maryland, the case arises out of a transaction that took place within Maryland, GMAC contracts to supply good or services in Maryland, repossesses vehicles in Maryland and files lawsuits in Maryland's State Court System.

17.    Venue is proper because GMAC carries on a regular business in Baltimore City, the facts underlying this action arose in Baltimore City and, because GMAC does not maintain a principle place of business within the state of Maryland, venue is appropriate in Baltimore City because Named Plaintiff Mayo resides in Baltimore City.

**III.**    **PARTIES**

18.    Named Plaintiff Linda Mayo is a natural person currently residing at 5612 Force Road, Baltimore, MD 21206.

19.    Named Plaintiff Raven Randolph is a natural person currently residing at 1219 Linkside Drive, Baltimore, MD 21234.

20.    Defendant GMAC INC. is a Delaware corporation doing business within this state and with its principle place of business located at 200 Renaissance Center, Detroit, Michigan 48265.

**IV.**    **FACTUAL ALLEGATIONS**

21.    On or about August 13, 2005, Named Plaintiffs purchased a 2002 Ford Explorer from Bob Bell Chevrolet of Bel-Air Inc.

22.   Named Plaintiffs obtained financing for the purchase of the 2002 Ford Explorer through the dealership that sold them the vehicle, which was memorialized in a Retail Installment Sale Contract ("RISC") (attached hereto as **EXHIBIT A**).

23.   The RISC affirmatively elects to be governed under Subtitle 10 of Title 12 of the Commercial Law Article (*i.e.* Maryland's Credit Grantor Closed End Credit Provisions – hereafter "CLEC").

24.   Named Plaintiffs purchased the 2002 Ford Explorer primarily for personal, family and household purposes.

25.   The RISC by which Named Plaintiffs financed their purchase was assigned to GMAC, which accepted the contract and received monthly payments from Named Plaintiffs.

26.   As part of the August 13, 2005 transaction, GMAC took a lien and security interest on the 2002 Ford Explorer.

27.   GMAC and/or its agents seized and repossessed the 2002 Ford Explorer on or before January 10, 2008.

28.   Named Plaintiffs did not receive any Pre-Repossession Notices by registered or certified mail at least ten (10) days before the repossession.

29.   GMAC then wrote to Named Plaintiffs on January 12, 2008, February 28, 2008 and March 27, 2008 demanding money and telling them that the 2002 Ford Explorer would be sold unless they redeemed the RISC by paying any past due payments, late charges and expenses related to the repossession and of the 2002 Ford Explorer. *See* Pre-Sale Notices (attached hereto as **EXHIBIT B**).

30.   As part of the three Pre-Sale Notices provided to each Named Plaintiff, GMAC also stated the time and place the 2002 Ford Explorer would be sold. *Id.*

31.    GMAC notified Named Plaintiffs that the 2002 Ford Explorer would be sold at the following location:  Baltimore-Washington Auto Exchange, 7151 Brookdale Dr., Baltimore, MD 21227.

32.    The address 7151 Brookdale Dr., Baltimore, MD 21227 is located in Halethorpe, MD in Baltimore County.

33.    Named Plaintiffs' 2002 Ford Explorer was actually sold at Baltimore-Washington Auto Exchange, 7151 Brookdale Dr., Elkridge, MD 21075.

34.    The address 7151 Brookdale Dr., Elkridge, MD 21075 is located in Elkridge, MD in Howard County.

35.    GMAC again wrote to Named Plaintiffs on April 19, 2008 demanding money and stating that the sale of the 2002 Ford Explorer did not cover the remaining balance on the credit contract with GMAC and that Named Plaintiffs had a deficiency balance owed to GMAC on the account. *See* Post-Sale Notices (attached hereto as **EXHIBIT C**).

36.    As of the date of this Complaint, Named Plaintiffs have not received sufficient or accurate repossession notice as required by CLEC.

## V.    CLASS ACTION ALLEGATIONS

37.    Named Plaintiffs brings this action on behalf of a Repossession Class which consists of:

*REPOSSESSION CLASS*

**All persons whose vehicles were repossessed by GMAC INC. in connection with a credit contract governed by CLEC.**

*REPOSSESSION SALE ADDRESS SUB-CLASS*

**All persons whose vehicles were repossessed by GMAC INC. in connection with a credit contract governed by CLEC and whose vehicle was sold at Baltimore-**

**Washington Auto Exchange.**

Excluded from the Class are those individuals who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals.

38.   The Repossession Class and the Repossession Sale Address Sub-Class, as defined above, are identifiable. The Named Plaintiffs are members of the Class and Sub-Class.

39.   The Repossession Class and Repossession Sale Address Sub-Class consists, at a minimum, of several hundred (and likely thousands) of persons who entered into credit contracts directly with or that were assigned to GMAC and whose vehicle was subsequently repossessed, and is thus so numerous that joinder of all members is clearly impracticable.

40.   There are questions of law and fact which are not only common to the Repossession Class and the Repossession Sale Address Sub-Class but which predominate over any questions affecting only individual class members.   The common and predominating questions include, but are not limited to:

(a) Whether GMAC failed to provide Pre-Repossession Notices compliant with CLEC § 12-1021(c) and (d) to borrowers whose vehicles were repossessed;

(b) Whether GMAC failed to provide Pre-Sale Notices required by and compliant with CLEC § 12-1021(e)(1) and (h)(1) to borrowers whose vehicles were repossessed;

(c) Whether GMAC failed to provide Pre-Sale Notices required by and compliant with CLEC § 12-1021(h)(3) to borrowers whose vehicles were repossessed;

(d) Whether GMAC failed to provide Pre-Sale Notices required by and compliant with CLEC § 12-1021(j)(1)(ii) to borrowers whose vehicles were repossessed;

(e)   Whether the Baltimore-Washington Auto Exchange operates a place of business located at 7151 Brookdale Dr., Baltimore, MD 21227.

(f) Whether GMAC knowingly violated CLEC provisions and therefore should be required to forfeit three times the amount of interest, fees and other charges collected in excess of those allowed by CLEC;

(g) Whether GMAC misrepresented in writing to the Class its right to collect funds from members of the Class;

(h) Whether GMAC breached the class credit contracts for each Class member by failing to comply with CLEC;

(i) Whether GMAC assessed, attempted to collect and/or collected deficiency balances from members of the Class that it had no legal right to demand or collect, and for which the Class members were not liable; and

(j) Whether declaratory and injunctive relief is proper to prevent GMAC from continuing to seek deficiency judgments in violation of CLEC and to compel GMAC's compliance with CLEC.

41.     Claims of Named Plaintiffs are typical of the claims of the respective members of the Repossession Class and the Repossession Sale Address Sub-Class within the meaning of Md. Rule 2-231(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of GMAC.

42.     Named Plaintiffs will fairly and adequately protect the interests of the Repossession Class and the Repossession Sale Address Sub-Class within the meaning of Md. Rule 2-231(a)(4). Named Plaintiffs are committed to vigorously litigating this matter.

43.     Further, Named Plaintiffs have secured counsel experienced in handling consumer class actions and complex consumer litigation.

44.     Neither Named Plaintiffs nor their counsel has any interests which might cause

them not to vigorously pursue this claim.

45.     GMAC's actions are generally applicable to the respective Repossession Class and the Repossession Sale Address Sub-Class as a whole, and Named Plaintiffs seeks equitable remedies with respect to the Class as a whole within the meaning of Md. Rule 2-231(b)(2).

46.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Repossession Class and Repossession Sale Address Sub-Class and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Md. Rule 2-231(b)(3).

47.     The likelihood that individual members of the Repossession Class and the Repossession Sale Address Sub-Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

48.     Named Plaintiffs' counsel is experienced in class actions, and foresees little difficulty in the management of this case as a class action.

## VI.     CAUSES OF ACTION

### COUNT ONE
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS)
### (Repossession Class and Repossession Sale Address Sub-Class)

49.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

50.     Maryland's Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Code Ann., Comm. Law §§ 12-1001, et seq., restricts credit grantors such as GMAC from collecting any fees, charges or interest not specifically provided for under a closed end credit contract or not specifically provided for under CLEC.

51.     When a credit grantor fails to provide the required notices and the information

that is required to be contained there within with respect to repossession of a motor vehicle and the sale subsequent thereto, the credit grantor must not only forfeit all interest charges, fees and other charges with respect to the loan, but also is not entitled to a deficiency judgment against a consumer.

52.     In violation of CLEC, GMAC failed to provide Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class with the required notices and information that must be contained there within before and after repossessing their vehicles, including but not limited to:

a.   failing to provide Pre-Repossession Notices;

b.   inaccurately disclosing the amount of money required to redeem in the Pre-Sale Notices;

c.   requiring Class members to pay repossession expenses to redeem collateral when there was no entitlement to these fees in the Pre-Sale Notices;

d.   failing to accurately provide the location where the property would be sold and was sold in the Pre-Sale Notices; and

e.   affirmatively representing to Class members in the Post-Sale Notices that GMAC was entitled to a deficiency balance, which in fact, class members did not owe and GMAC could not collect.

53.     GMAC knowingly engaged in these violations of CLEC, § 12-1021.

**COUNT TWO**
**(BREACH OF CONTRACT)**
**(Repossession Class and Repossession Sale Address Sub-Class)**

54.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

55. CLEC was in effect at the time Named Plaintiffs and all other Class Members' credit contracts were signed and GMAC specifically and unequivocally elected CLEC as the controlling law in its credit contracts with Named Plaintiffs and all Class Members and incorporated the CLEC statute into the credit contracts.

56. The provisions of the CLEC statute become a part of the contracts just as if the parties expressly included the CLEC provisions in their credit contracts.

57. When GMAC violated CLEC as set forth above, GMAC materially breached its contracts with Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class.

58. As a result of GMAC's breach of contract with Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class, Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class have been damaged.

59. Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class have been deprived of the substantial rights granted to them by CLEC and under their contracts as set forth above.

60. In addition, Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class also sustained financial damages as a result of GMAC's failure to return all of the interest, costs, fees, insurance premiums and other charges collected on their loans, and Named Plaintiffs, the Repossession Class and Repossession Sale Address Sub-Class sustained other damages and losses.

**COUNT THREE**
**(MARYLAND CONSUMER PROTECTION ACT)**
**(Repossession Class and Repossession Sale Address Sub-Class)**

61. Named Plaintiffs re-allege and incorporate by reference the allegations set forth

above, and further allege:

62.     Maryland's Consumer Protection Act ("CPA"), Md. Code Ann., Comm. Law §§ 13-101, *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices, *inter alia,* in the extension of consumer credit and in the collection of consumer debts.  §§ 13-303(3) and (4).

63.     As a "person" under the CPA, § 13-101(h), GMAC is prohibited from engaging in unfair and deceptive trade practices.

64.     The CPA, § 13-301(1), specifically prohibits GMAC from making any false or misleading oral or written statement or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers.

65.     The CPA, § 13-301(3), further prohibits GMAC from failing to state a material fact if the failure deceives or tends to deceive.

66.     In violation of the CPA, §§ 13-303(3) - (4) and § 13-301(1), GMAC told Named Plaintiffs, the Repossession Class and Repossession Sale Address Sub-Class in writing that: (i) a certain amount of money was required to redeem the collateral when in fact redemption would have required a lesser amount; (ii) they were required to pay repossession expenses to redeem collateral when there was no entitlement to these fees; (iii) their vehicles would be and were sold at Baltimore-Washington Auto Exchange, 7151 Brookdale Dr., Baltimore, MD 21227; and (iv) they owed GMAC a deficiency balance which in fact, Named Plaintiffs, the Repossession Class and Repossession Sale Address Sub-Class did not owe and which GMAC could not collect.

67.     These written statements were false and misleading and tended to and did deceive Named Plaintiffs and the Class who made payments to GMAC, allowed GMAC to collect funds from third-parties that belonged to Named Plaintiffs and the Class and allowed GMAC to retain

funds paid by Named Plaintiff and the Class which were not due and owing.

68.     In violation of the CPA, §§ 13-303(3) - (4) and § 13-301(3), GMAC failed to disclose to Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class: (i) the amount of money required to redeem; (ii) the location where property would be sold and was sold; (iii) that GMAC did not have the right to a deficiency judgment; and (iv) that GMAC did not have the right to collect on a deficiency judgment.

69.     This failure to disclose material facts led Named Plaintiffs and the Class to make payments to GMAC, allowed GMAC to collect funds from third-parties that belonged to Named Plaintiffs and the Class and allowed GMAC to retain funds paid by Named Plaintiff and the Class which were not due and owing and which they would not have made or allowed GMAC to retain had GMAC informed them of the material facts.

70.     GMAC committed unfair and deceptive practices by collecting and attempting to collect on an alleged debts which, in fact, were not due and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, §13-101, *et seq.*, including §§ 13-303(3) and (4), and §§ 13-301(1) and (3).

71.     GMAC's numerous violations of CLEC are *per se* unfair and deceptive practices.

72.     As a result of GMAC's unfair and deceptive trade practices in violation of the CPA, Named Plaintiffs and the Class were induced to make payments to GMAC on interest charges, insurance premiums and non-existent debts, allowed GMAC to collect funds that belonged to Named Plaintiffs, the Repossession Class and Repossession Sale Address Sub-Class, allowed GMAC to retain funds paid by Named Plaintiff and the Class which were not due and owing causing Named Plaintiffs, the Repossession Class and Repossession Sale Address Sub-Class injury and loss.

- 13 -

**COUNT FOUR**
**(DECLARATORY AND INJUNCTIVE RELIEF)**
**(Repossession Class and Repossession Sale Address Sub-Class)**

73.   Named Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

74.   This claim for declaratory relief is brought under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Pro. § 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations under the credit contracts of the Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class and the consumer protections embodied in Maryland's Credit Grantor Closed End Credit Provisions.

75.   GMAC maintains it may collect a deficiency balance from Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class even though GMAC failed to provide Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class with timely and accurate pre-repossession, redemption, pre-sale, post-sale and/or other notices required by Maryland's Credit Grantor Closed End Credit Provisions.

76.   Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class have received or will receive collection notices from GMAC and/or debt collectors demanding payment of the alleged deficiency balance, and have been sued or will be sued for collection of the sums which GMAC claims are due.  Moreover, GMAC also notifies credit reporting agencies to which it reports (potentially including Equifax, TransUnion and Experian) of the alleged balances due, thereby damaging the credit scores and credit history of Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class.

- 14 -

77.    These practices will continue unless and until this Court declares and affirms that GMAC may not collect any alleged deficiency balance unless GMAC has provided Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class with timely pre-repossession, pre-sale, post-sale and/or other required notices containing accurate information whose disclosure is mandated by CLEC, § 12-1021.

78.    This presents an actual, judicable controversy between the parties relating to the construction of the credit contract of Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class and the application of Maryland's Credit Grantor Closed End Credit Provisions to those contracts because GMAC has sought or likely will seek to collect on the alleged deficiency balances, including through filing a collection action in court, and GMAC continues to harm Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class by reporting false and derogatory information to credit reporting agencies regarding the accounts in question.

79.    Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class have a right to be free from GMAC's attempts to collect deficiency balances, interest, fees, costs and other charges which are not collectible as a matter of law under the terms of its contracts with Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class.

80.    The benefits to Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class in obtaining an injunction outweigh any potential harm GMAC would incur as a result of an injunction, under the balance of convenience test, as GMAC has no legal or contractual right to collect deficiency balances from Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class, and Named Plaintiffs,

members of the Repossession Class and Repossession Sale Address Sub-Class would greatly

benefit from being relieved of GMAC's attempts to collect these illegal charges.

81.     Named Plaintiffs, members of the Repossession Class and Repossession Sale

Address Sub-Class will suffer irreparable injury unless the requested injunctions are granted, as

GMAC will continue to attempt to collect, and will collect, deficiency balances, interest, costs,

fees and other charges from them in violation of the law, and GMAC will report erroneous and

derogatory information to the credit reporting agencies regarding Named Plaintiffs, members of

the Repossession Class and Repossession Sale Address Sub-Class based on the illegally imposed

charges.

82.     The public interest is best served by granting the requested injunctions, as the

public has a compelling interest in preventing GMAC from violating the statutory and common

law of the State of Maryland in its repossession and/or collection practices, and a compelling

interest in seeing the laws of the State of Maryland obeyed.

83.     Named Plaintiffs, members of the Repossession Class and Repossession Sale

Address Sub-Class are likely to succeed on the merits of this action, as CLEC explicitly requires

that GMAC send specific and mandatory pre-repossession, pre-sale, post-sale and/or other

notices containing accurate information mandated by CLEC that comply with the statute to

Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class.

GMAC did not send such timely and accurate notices.

## COUNT FIVE
### (RESTITUTION AND UNJUST ENRICHMENT)
### (Repossession Class and Repossession Sale Address Sub-Class)

84.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth

above, and further allege:

85.   By paying money on deficiency balances, interest, late fees, other fees, costs and other charges claimed by GMAC, Named Plaintiffs, members of the Repossession Class and members of the Repossession Sale Address Sub-Class conferred a benefit of these illegally collected charges upon GMAC.

86.   GMAC accepted the benefits conferred upon them by Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class when they accepted the money paid toward illegally assessed deficiency balances, interest, costs, late fees, other fees and other charges.

87.   Further, GMAC was aware of, and had knowledge of, the benefits conferred on them, as it demanded those benefits.

88.   By paying money toward interest, fees, costs and other charges on their accounts before and after repossession, Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class conferred a benefit on GMAC.

89.   GMAC accepted the benefits conferred upon them by Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class when they accepted the money paid toward interest, fees, costs and other charges.

90.   Further, GMAC was aware of, and had knowledge of, the benefits conferred on them, as it demanded those benefits.

91.   GMAC's collection, acceptance and retention of these charges, when GMAC was not entitled to the charges as a matter of law, is and was and continues to be unjust and inequitable, and GMAC has not refunded the charges to Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class.

92.   GMAC should not be permitted to retain the benefits of those illegal charges.

GMAC's continued withholding of the charges is improper.

93.     Named Plaintiffs, members of the Repossession Class and Repossession Sale Address Sub-Class conferred these unjust benefits upon GMAC in part as a result of GMAC's misconduct as set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs respectfully pray that this Court:

A.      Assume jurisdiction of this case;

B.      Enter a declaratory judgment establishing that GMAC may not collect any claimed deficiency balance, or any interest, fees, costs or other charges on a loan account of Named Plaintiffs, members of the Repossession Class and members of the Repossession Sale Address Sub-Class;

C.      Enter an order granting Named Plaintiffs, members of the Repossession Class and members of the Repossession Sale Address Sub-Class a preliminary and permanent injunction prohibiting GMAC from collecting or attempting to collect alleged deficiency balances, or interest, fees, costs or other charges from Named Plaintiffs, members of the Repossession Class and members of the Repossession Sale Address Sub-Class;

D.      Enter an order requiring GMAC within 30 days to notify all credit reporting agencies to whom it reports that (i) Named Plaintiffs, members of the Repossession Class and members of the Repossession Sale Address Sub-Class have a zero balance on their accounts, and (ii) removing any notation to the effect that the account has been charged off;

E.   Enter an order certifying the Repossession Class and Repossession Sale Address Sub-Class under Md. Rule 2-231(b)(2) and (b)(3).

F.   Enter an order that GMAC pay to Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class the statutory penalties imposed by CLEC, § 12-1018, by returning to Named Plaintiffs and the Class all sums paid as interest, costs, fees or other charges ($50,000,000.00);[1]

G.   Enter judgment in favor of Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class against GMAC pursuant to CLEC, § 12-1018 in an amount of three times the interest, costs, fees, and other charges which GMAC collected in excess of that allowed by CLEC ($150,000,000.00);

H.   Enter an order that due to its violations of CLEC, § 12-1021, GMAC cannot collect the principal amount of the Named Plaintiffs, the Repossession Class and the Repossession Sale Address Sub-Class loans;

I.   Award Named Plaintiffs, members of the Repossession Class and members of the Repossession Sale Address Sub-Class actual damages and reasonable attorney's fees in accordance with CPA, § 13-408.

J.   Enter judgment in favor of Named Plaintiffs, members of the Repossession Class and members of the Repossession Sale Address Sub-Class against GMAC for such compensatory damages as the evidence shall warrant;

K.   Enter an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiffs, members of the Repossession Class and members of the Repossession Sale Address Sub-Class; and

---

[1] This number is an estimate based on an assumption that the Repossession Class consists of 5,000 members and that each member has CLEC damages averaging $10,000.00. Plaintiffs will amend the Class Action Complaint to reflect a more specific amount after some discovery.

L.   Award such other relief as the court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: February 22, 2010          By: _____
                                      Cory L. Zajdel, Esq.
                                      8830 Orchard Tree Lane, Suite 117
                                      Towson, Maryland 21286
                                      (443) 632-3010

                                      **Attorneys for Plaintiffs, the Class and Sub-Class**

**JURY TRIAL**

Named Plaintiffs on behalf of themselves and all others similarly situated demand trial by jury.

_____
Cory L. Zajdel